IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TERRY DON CAMP                                                                                      PLAINTIFF

VS.                                               Civil No. 06-1058

CALVIN KNIGHTON, Columbia County Sheriff;
LT. JANET DELANEY; and
COLUMBIA COUNTY, ARKANSAS                                                           DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed July 7, 2006 by the Honorable Bobby E. Shepherd, United States Magistrate Judge for the Western District of Arkansas. (Doc. 8). Plaintiff Terry Don Camp has timely filed his objections to the Report and Recommendation. (Doc. 11). After reviewing the record *de novo*, the Court adopts the Report and Recommendation as its own.

Plaintiff Terry Don Camp is currently an inmate of the Columbia County Jail. In this lawsuit, brought under 42 U.S.C. § 1983, Camp alleges that Sheriff Calvin Knighton, Lt. Janet Delaney, and Columbia County, Arkansas violated his rights under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, and the Equal Protection Clause of the Fourteenth Amendment. Specifically, Camp complains that he has been incarcerated due to, *inter alia*, fines in excess of $5000.00, but that defendants will not allow him to work at the jail, leaving him unable to pay off his fines.

Camp petitioned this Court for leave to proceed *in forma pauperis* on June 1, 2006. (Doc. 2). This request is subject to section 1915 of the Prison Litigation Reform Act (PLRA),

1

which governs proceedings filed *in forma pauperis* (IFP). Under section 1915, prisoners receiving IFP status still must pay the filing fee, albeit in installments. The PLRA also contains a provision known commonly as the "three strikes rule," which limits the availability of IFP relief for prisoners who have filed at least three prior claims that have been dismissed as frivolous, malicious or failing to state a claim. 28 U.S.C. § 1915(g). After the prisoner has "three strikes," IFP status is available only where the prisoner is under imminent danger of serious physical injury. *Id*.

Subsequent to Camp's request for IFP relief, it came to the Court's attention that Camp has, on at least three previous occasions, filed lawsuits that were eventually dismissed as either frivolous, malicious, or failing to state a claim. *See Camp v. Malak, et al*., Civil No. 4:91-cv-00569-GH-HLJ (dismissed as frivolous on September 20, 1991); *Camp v. Bolton, et al*., Civil No. 91-1127 (dismissed for failing to state a claim on November 14, 1991); *Camp v. Bolton, et al*., Civil No. 91-1141 (dismissed for failing to state a claim on January 8, 1992).

Therefore, IFP status is available to Camp only if he is under imminent danger of serious physical injury. Judge Shepherd believes, and this Court agrees, that Camp has not alleged facts sufficient to state a case of imminent danger of serious physical injury. In *Ashley v. Dilworth*, an inmate satisfied the imminent danger of serious physical injury standard where, despite two previous stabbings, prison officials continued to place him near his inmate enemies. 147 F.3d 715, 717 (8th Cir. 1998). Imminent danger of serious physical injury has also been sufficiently plead where an inmate alleged deliberate indifference to serious medical needs that resulted in five tooth extractions and a spreading mouth infection requiring two additional extractions. *See McAlphin v. Toney*, 281 F.3d 709, 710-11 (8th Cir. 2002).

On the other hand, the Eighth Circuit found the facts in *Martin v. Shelton*, 319 F. 3d 1048, 1051 (8th Cir. 2003) insufficient to state a case of imminent danger of serious physical harm. In *Martin*, an inmate alleged that he was forced to work outside in inclement conditions on two separate occasions. *Id*. at 1050. In the first incident, Martin alleged he was forced to work outside in thirty-degree weather without warm clothing. *Id*. In the second incident, Martin alleged he was forced to work outside in high ninety-degree heat despite his high blood pressure. *Id*. Martin's complaint alleged these incidents amounted to an attempt by prison officials to kill him. *Id*.

The facts presently before the court are more similar to *Martin* than they are to *Ashley* or *McAlphin*. Camp alleges that he has severe arthritis pain, and that his steel bunk and lack of a chair with proper back support contribute to acute stiffness, soreness and pain. (Doc. 7). These facts, while unfortunate, do not rise to the level of imminent danger of serious physical injury. Therefore, already having "three strikes" and not facing imminent danger of serious physical injury, Camp is not eligible for IFP status.

## CONCLUSION

For the above-stated reasons, the Court finds this action must be **dismissed** without prejudice. Camp is free to file a motion to re-open this action upon payment of the $350.00 filing fee to the Clerk of the United States District Court.

IT IS SO ORDERED, this 3rd day of August, 2006.

                                                /s/Harry F. Barnes
                                                Hon. Harry F. Barnes
                                                United States District Judge